UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM LEWIS,

    Plaintiff,

                                                                     Case No. 2:21-cv-11939

v.                                                       Hon. Nancy G. Edmunds

CHRISTINA RAMSEY, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [ECF No. 15]

In an order dated October 7, 2021, the Court partially dismissed this pro se prisoner civil rights case. (ECF No. 7.) Among the claims dismissed was Plaintiff Tom Lewis's Claim 8, which asserted that Plaintiff's right to access to the courts was denied when three of the named Defendants took actions to prevent him from timely filing a motion for reconsideration of the order denying his petition for a writ of certiorari filed in the Supreme Court. The Court found that because Plaintiff failed to plead facts showing that his motion for reconsideration would be nonfrivolous, Plaintiff failed to state an access to the courts claim. Presently before the Court is Plaintiff's motion for reconsideration in which he argues that dismissal was improper even if his motion for reconsideration would have been frivolous because Defendants' actions amounted to a denial of a direct appeal.

The Court construes Plaintiff's Motion as if it was brought pursuant to Eastern District of Michigan Local Rule 7.1(h) which pertains to motions for reconsideration. Rule 7.1(h) was amended effective December 1, 2021, but Plaintiff filed his Motion before the revision so the previous legal standard applies. To succeed on a motion for reconsideration, the movant must demonstrate there is a palpable defect in the opinion or order under attack and that correcting the

1

defect will result in a different disposition of the case. *Intervarsity Christian Fellowship/USA v. Bd. of Governors of Wayne State Univ.*, 542 F. Supp. 3d 621, 2021 WL 2207370, at *2 (E.D. Mich. 2021). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Plaintiff fails to show a palpable defect. He asserts that it does not matter whether his motion for reconsideration of the denial of certiorari was frivolous because, regardless of his chances of success, the alleged conduct interfered with his direct appellate rights. As the Court explained in the order of partial dismissal, however, Plaintiff must show that Defendants' actions resulted in actual prejudice to his litigation efforts. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). This includes pleading facts indicating that he was pursuing a nonfrivolous claim. *See Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013); *Lewis v. Casey*, 518 U.S. 343, 353 (1996); *Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999). Plaintiff failed to plead any facts showing that his motion for reconsideration of the denial of his certiorari petition—which stemmed from a routine exhaustion dismissal that was affirmed by the Sixth Circuit—was nonfrivolous.

Accordingly, Plaintiff's motion for reconsideration is denied.

**SO ORDERED**.

                __/s/ Nancy G. Edmunds_____
                Nancy G. Edmunds
                United States District Court

Dated: May 9, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 9, 2022, by electronic and/or ordinary mail.

                       s/ Lisa Bartlett
                       Case Manager