UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM LEWIS,

    Plaintiff,

v.

CHRISTINA RAMSEY, MELODY
WALLACE, RICHARD RUSSELL,
ALAN GREASON, REGINA JENKINS-
GRANT, FNU CAMPBELL, JEFFREY
LUZIUS, UNKNOWN TRANSFER
COORDINATOR, and UNKNOWN
MAILROOM PERSONNEL,

    Defendants.
_____/

Case No. 2:21-cv-11939
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

## ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT SERVICE THROUGH ECF AND LIMIT SERVICE WHERE IT REQUIRES SERVICE ON MULTIPLE DEFENDANTS (ECF No. 26)

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Tom Lewis, proceeding *pro se*, filed a complaint against nineteen defendants located at three different correctional facilities. Following entry of an order of partial dismissal, only Lewis' access-to-the-courts and retaliation claim against the above

1

named defendants remain.  *See* ECF No. 7.  Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.  (ECF No. 21).  Before the Court is Lewis' motion styled "Motion to Conduct Service Through the ECF and Limit Service Where it Requires Service on Multiple Defendants."  (ECF No. 26).  For the reasons that follow, the motion will be DENIED.

II. Discussion

Lewis appears to request that he be relieved of having to provide multiple copies of his filings to defendants.  However, as explained in the response filed by defendants Christian Ramsey and Jeffrey Luzius,[1] MDOC Policy Directive (P.D.) 05.03.116 "Prisoners' Access to the Courts" ¶¶ N–P sets forth how a prisoner may obtain photocopies of materials for legal purposes.  Specifically, ¶ N provides that a prisoner shall use the Legal Photocopy Disbursement Authorization form to request copies, and ¶ O provides that a prisoner "shall be loaned funds to pay for the copying" of documents "necessary for the prisoner to file with the court or serve on a party to a lawsuit."  This process allows Lewis to obtain the copies necessary to serve the defendants without having to make multiple original copies.

---

[1] Currently, only Ramsey and Luzius have appeared and are represented by counsel.  The other defendants are not represented nor does it appear that they have been served.

Moreover, Fed. R. Civ. P. 5(b)(1) provides that service on a represented party must be made on the attorney unless the Court orders otherwise. Thus, Lewis only needs to send a copy to counsel for service on Ramsey and Lewis and copies to the other defendants once they are served.

### III.    Conclusion

For the reasons set forth above, Lewis' "Motion to Conduct Service Through the ECF and Limit Service Where it Requires Service on Multiple Defendants" is DENIED.

SO ORDERED.

Dated: May 9, 2022　　　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 9, 2022.

　　　　　　　　　　　　　　　　　　　　　s/Carolyn Ciesla
　　　　　　　　　　　　　　　　　　　　　CAROLYN CIESLA
　　　　　　　　　　　　　　　　　　　　　Case Manager