UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM LEWIS,

    Plaintiff,

v.

ALAN GREASON, REGINA JENKINS-GRANT, CHRISTINA RAMSEY, JEFFREY LUZIUS, MELODY WALLACE, RICHARD RUSSELL, FNU CAMPBELL, UNKNOWN MAILROOM PERSONNEL, and UNKNOWN TRANSFER COORDINATOR,

    Defendants.
_____/

Case No. 2:21-cv-11939
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**
**(ECF No. 54)**
**AND**
**DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 73)**
**AND**
**GRANTING PLAINTIFF'S MOTION TO STRIKE CERTAIN CLAIMS**
**(ECF No. 63)**

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Tom Lewis, proceeding *pro se*, filed a complaint against nineteen defendants located at three different correctional facilities. (ECF No. 1). Following entry of an order of

1

partial dismissal, only Lewis' access-to-the-courts and retaliation claim against the above-named defendants remained. *See* ECF No. 7. Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 21).

Before the Court are Lewis's motion for reconsideration, (ECF No. 54), of the Court's June 21, 2022 order, Lewis's motion to strike Defendants' response to his motion for reconsideration, (ECF No. 73), and Lewis's motion to strike 42 U.S.C. § 1985 claims from the complaint (ECF No. 63).[1]

For the reasons stated below, Lewis's motion for reconsideration, (ECF No. 54), will be GRANTED, and the amended complaint, (ECF No. 16), shall govern. Lewis's motion to strike, (ECF No. 73), will be DENIED. Lewis's motion to strike 42 U.S.C. § 1985 claims from the complaint, (ECF No. 63), will be GRANTED. In addition, the Clerk is directed to mail to Lewis a copy of his amended complaint, (ECF No. 16), and addendum (ECF No. 17).

II. Background

---

[1] Also pending are a motion to stay and a motion for temporary restraining order from Lewis, which are fully briefed, (ECF Nos. 52, 55, 68), and a second motion to stay from Lewis, (ECF No. 72), all of which will be the subject of a forthcoming Report and Recommendation. In addition, Defendant Luzius and Defendants Wallace, Russell, and Campbell have filed motions to dismiss or in the alternative for summary judgment. (ECF Nos. 33, 74). Lewis has not yet responded to either motion. Although the time for filing a response to Luzius's motion has passed, a response to Wallace, Russell, and Campbell's motion is due September 19, 2022. Lewis may respond to Luzius's motion by that date as well, if he chooses.

Lewis filed his original complaint on August 6, 2021 against nineteen defendants at three separate locations. (ECF No. 1). Upon screening the complaint on October 4, 2021, District Judge Nancy G. Edmunds dismissed 10 defendants without prejudice due to improper joinder and three defendants for failure to state a claim, allowing the case to proceed against the six defendants in the case caption on access-to-the-courts and retaliation claims. (ECF No. 7, PageID.117-118). The case was then stayed on October 13, 2021 and referred to the *pro se* prisoner early mediation program. (ECF No. 8). No settlement was reached, and on February 1, 2022, the stay was lifted. (ECF No. 13).

The following day, Lewis filed an amended complaint in an apparent attempt to clarify his claims against the six remaining defendants as well as properly restate claims against Defendants Wallace, Russell, and Unknown Mailroom Personnel. (ECF Nos. 16, 17). On June 7, 2022, Lewis filed a motion to compel the clerk's office to produce legible copies of the amended complaint and addendum, complaining that the copy he received of the original complaint was "unreadable and unusable." (ECF No. 41). The undersigned responded by order, noting that the practice in this district is not to retain original documents after scanning them and placing them on the docket, meaning Lewis's requested relief was unavailable. (ECF No. 46). The Court therefore denied his motion, but

directed the Clerk to enclose a copy of the operative complaint, ECF No. 1, with its order. (*Id.*).

In its order, the undersigned stated that neither the amended complaint nor the addendum governed this action, and declined to provide either to Lewis. (*Id.*, PageID.551).

Lewis now moves for reconsideration of the Court's statement that the amended complaint does not govern. (ECF No. 54). He also moves to strike Defendants' response to his motion. (ECF No. 73). Finally, he moves to strike his own claims under 42 U.S.C. § 1985 and proceed solely under 42 U.S.C. § 1983. (ECF No. 63).

### III. Pending Motions

#### A. Motion for Reconsideration (ECF No. 54)

##### 1. Standard

Motions for reconsideration of non-final orders must be filed within 14 days after entry of the order, as Lewis has done here. E.D. Mich. LR 7.1(h)(1). Although motions for reconsideration of non-final orders are disfavored, they may be granted upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

Lewis argues that he was entitled to amend the complaint under Federal Rule of Civil Procedure 15(a), which allows a party to amend its pleading once, as a matter of course, within 21 days of service.

## 2. Discussion

Here, due to the stay and referral of this matter to the *pro se* prisoner early mediation program, (ECF No. 8), Lewis's amended complaint filed on February 2, 2022 was timely under Rule 15(a). Though his original complaint was screened and many defendants were dismissed for misjoinder and failure to state a claim, this does not affect Lewis's right to amend the complaint. *See Gutierrez v. Richard A. Handlon Corr. Facility*, No. 1:19-CV-425, 2019 WL 3733878, at *1 (W.D. Mich. Aug. 8, 2019) ("The Court determines that Plaintiff was permitted to amend her pleading 'once as a matter of course,' *see* FED. R. CIV. P. 15(a)(1)(B), and that the screening of her original Complaint did not ameliorate this right."); *see also Jones v. Bock*, 549 U.S. 199, 214 (2007) ("[T]he PLRA's screening requirement does not—explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself."); *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding, "like every other circuit to have reached the issue, that under Rule 15(a) a district court

5

can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

In response, Defendants argue that Lewis's amended complaint is futile as to Wallace, Russell, and Campbell. However, as noted above, Wallace, Russell, and Campbell have also filed a motion to dismiss on the grounds that (1) the amended complaint fails to state a claim against any of them and (2) Lewis has failed to exhaust his claims against them. (ECF No. 74). Under these circumstances, the better course is to allow the amended complaint to govern and address the arguments as to Wallace, Russell, and Campbell in the context of their pending motion. In sum, Lewis has satisfied the required showing under E.D. Mich. LR 7.1(h)(2)(A) that the Court erred and that this error changes the outcome in that the amended complaint should govern the case.

### B. Motion to Strike Defendants' Response (ECF No. 73)

Lewis's motion to strike Defendants' response contains no basis in law or court rule for striking a filing. It is true that responses to motions for reconsideration are not permitted unless otherwise ordered by the court. E.D. Mich. LR 7.1(h)(3). However, Defendants were ordered to respond to Lewis's motion here. (ECF No. 62). As such, it cannot be said that Defendants violated any federal or court rules in responding to Lewis's motion as ordered. Thus, Lewis's motion to strike their response, (ECF No. 73), will be denied.

  C. Motion to Strike 42 U.S.C. § 1985 Claims (ECF No. 63)

Lewis also moves to strike his own claims arising under 42 U.S.C. § 1985 from the amended complaint, asserting that proceeding under this statute and § 1983 is legally unnecessary and untenable. Defendants have not responded to this motion or otherwise objected to the relief Lewis requests. Under these circumstances, Lewis' motion will be granted and the case will proceed solely under 42 U.S.C. § 1983 in the amended complaint.

       IV. Conclusion

For the reasons stated above, Lewis's motion for reconsideration is GRANTED and the amended complaint, (ECF No. 16), governs. Lewis's motion to strike is DENIED. Lewis's motion to strike 42 U.S.C. § 1985 claims from the complaint is GRANTED. In addition, the Clerk is directed to mail to Lewis a copy of his amended complaint, (ECF No. 16), and addendum (ECF No. 17). However, going forward Lewis must retain a copy of all filings because the Court will no longer supply him with copies of his filings.

  SO ORDERED.

Dated: August 24, 2022        s/Kimberly G. Altman
Detroit, Michigan          KIMBERLY G. ALTMAN
                United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 24, 2022.

                                                s/Carolyn Ciesla
                                                CAROLYN CIESLA
                                                Case Manager