UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM LEWIS,

    Plaintiff,

v.

ALAN GREASON, REGINA JENKINS-
GRANT, CHRISTINA RAMSEY,
JEFFREY LUZIUS, MELODY WALLACE,
RICHARD RUSSELL, FNU CAMPBELL,
UNKNOWN MAILROOM PERSONNEL,
and UNKNOWN TRANSFER COORDINATOR,

    Defendants.
_____/

Case No. 2:21-cv-11939
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS TO STAY (ECF Nos. 52, 72) AND MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 55)**

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Tom Lewis, proceeding *pro se*, filed a complaint against nineteen defendants located at three different correctional facilities. (ECF No. 1). Following entry of an order of partial dismissal, only Lewis' access-to-the-courts and retaliation claims remained. Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 21). Lewis has since filed an amended complaint against the above-

1

named defendants, (ECF No. 16), which was accepted by the Court as the operative complaint, (ECF No. 78), upon a motion to reconsider, (ECF No. 54).

Now before the Court are Lewis's motion to stay proceedings pending his motion for restraining order and motion to amend the complaint,[1] (ECF No. 52), Lewis's motion for a temporary restraining order (TRO), (ECF No. 55), and Lewis's second motion to stay proceedings "until the Court secures his right to represent himself," (ECF No. 72).[2] For the reasons stated below, the undersigned RECOMMENDS that Lewis's motion for a TRO be DENIED. If this recommendation is adopted, Lewis' motions to stay would be MOOT. Further, in light of the acceptance of the amended complaint as the operative complaint, *see* ECF No. 78, Lewis' request to stay relating to the filing of an amended complaint is also MOOT.

## II. Background

Lewis filed his original complaint on August 6, 2021, against nineteen defendants at three separate locations. (ECF No. 1). Upon screening the

---

[1] Despite the wording in his motion to stay, Lewis did not previously file a motion to amend the complaint. Rather, he filed an amended complaint and addendum (ECF Nos. 16, 17) which, as will be explained, has been accepted as the governing complaint.

[2] Additionally, on August 29, 2022, Lewis filed a paper styled "Objections to the Magistrate's refusal to secure Plaintiff's right to represent himself and the magistrate's refusal to exercise discretion," (ECF No. 80), which contains arguments regarding his TRO that the undersigned has addressed in this Report and Recommendation.

complaint on October 4, 2021, District Judge Nancy G. Edmunds dismissed 10 defendants without prejudice due to improper joinder and three defendants for failure to state a claim, allowing the case to proceed against the six defendants in the case caption on access-to-the-courts and retaliation claims. (ECF No. 7, PageID.117-118). The case was then stayed on October 13, 2021, and referred to the *pro se* prisoner early mediation program. (ECF No. 8). No settlement was reached, and on February 1, 2022, the stay was lifted. (ECF No. 13).

The following day, Lewis filed an amended complaint in an apparent attempt to clarify his complaints against the six remaining defendants as well as properly restate claims against defendants Melody Wallace, Richard Russell, and Unknown Mailroom Personnel. (ECF Nos. 16, 17). As outlined in the Court's Memorandum and Order on August 24, 2022, the Court recognizes the amended complaint as Lewis's operative complaint.[3] Thus, any request to stay pending the filing of an amended complaint is moot.

The undersigned will now address Lewis's motions for a stay pending his motions for TRO, (ECF No. 52); his motion for a TRO, (ECF No. 55); and his

---

[3] Also pending is a motion to dismiss or, in the alternative, for summary judgment from Defendants Wallace, Russell, and Unknown Mailroom Personnel as to the claims asserted against them in the amended complaint, (ECF No. 74), which will be addressed when it is fully briefed.

3

motion for a stay until he is secured the right to represent himself, i.e., until his TRO requesting additional access to the law library is granted, (ECF No. 72).

### III. Motion for Temporary Restraining Order

Lewis moves for a temporary restraining order under Federal Rule of Civil Procedure 65 to prevent officials where he is currently detained, the Ionia Correctional Facility (ICF), from "using Covid as a way to limit research and development" of his case by restricting his access to the law library. (ECF No. 55, PageID.663). He asserts that he has had weeks of being denied any access to the library at all and months where he was allowed only nine total hours of access. (*Id*., PageID.670). He notes that Michigan Department of Corrections (MDOC) policy provides for four hours of access per week, with an additional four hours upon proof of a deadline, totaling eight hours in his case, but he requests ten hours per week be granted by the Court. (*Id*., PageID.673). In his objections to the undersigned's handling of this matter, (ECF No. 80), Lewis also argues that access was wrongfully limited due to fist fights occurring on August 3 and August 10, 2022, and that his travel time to the law library is counted against his library time in contravention of MDOC Policy Directives.

### A. Legal Standard

The Court must consider the following factors on a party's motion for TRO: (1) whether the movant has a strong likelihood of success on the merits; (2)

4

whether the movant would suffer irreparable injury absent a TRO; (3) whether granting the TRO would cause substantial harm to others; and (4) whether the public interest would be served by granting the TRO. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (internal citations omitted). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

B.     Discussion

Defendants first argue that Lewis may not seek injunctive relief regarding practices at ICF when his complaint is limited to allegations, though similar in nature, stemming from defendants' actions at Macomb Correctional Facility (MRF). They are correct; the Sixth Circuit has found that such forms of relief are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996) (finding that a prisoner's request for injunctive relief from prison inspection of his mail was moot because he had been transferred to a different facility that did not search his mail)). As the Court explained in *Colvin*,

> "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). This is because "[t]he purpose of interim

5

> equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997). Colvin had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint.

*Id*. at 300.[4] Later, in *Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, *2 (6th Cir. Aug. 10, 2018), the Sixth Circuit reaffirmed this holding, finding that an inmate who was transferred to ICF could not obtain an injunction regarding his access to the law library, "especially so given that the named defendants are employed at the Gus Harrison Correctional Facility and the conduct complained of in the motion for a TRO and a preliminary injunction took place at Ionia Maximum Correctional Facility."

Lewis has not provided authority, nor is the undersigned aware of any, that would allow the Court to enjoin practices at ICF where there is no named defendant at, or allegation regarding, that facility.

Defendants also argue that Lewis fails to make the required showing on any of the four factors above required to successfully support a motion for TRO. Without reaching Lewis's likelihood of success on the merits, which have not been addressed regarding defendants Greason, Regina Jenkins-Grant, Ramsey,

---

[4] Though *Colvin* addresses a motion for preliminary injunction, a TRO is analyzed under the same standard. *Summit Cnty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004).

6

Campbell, or Unknown Transfer Coordinator, the undersigned finds that the other three factors support denial of Lewis's motion.

Defendants are correct that Lewis's inability to show irreparable injury defeats his request for injunctive relief. "[E]ven the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.' " *D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019) (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). "That factor is indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *Id.* at 327 (citing *Friendship Material*, 679 F.2d at 103; 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948 (3d ed. 1995 & Supp. 2019) ("Irreparable injury is '[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction[.]' ")). "That's why this circuit has held that a district court abuses its discretion 'when it grants a preliminary injunction without making specific findings of irreparable injury.' " *Id.* (quoting *Friendship Materials*, 679 F.2d at 105). "Thus, although the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory." *Id.* (emphasis in original).

Here, Lewis has filed dozens of motions in this matter alone, including an amended complaint supported by affidavit and a successful motion for

7

reconsideration to establish the amended complaint as operative. *See* ECF Nos. 16, 54, 78. Lewis has been given until September 19, 2022, to respond to both pending dispositive motions, and in the event that he is unable to adequately do so, he may request an extension of those dates. He has failed to establish irreparable harm in his motion for TRO, and for that reason it must be denied. *See Annabel*, at *2 ("[T]he record reflects that Annabel has not been deterred in his litigation of this action. He has filed numerous motions in the district court and successfully litigated his initial appeal in this court.").

While Lewis's failure to show irreparable injury is fatal to his request for injunctive relief, the two remaining factors – substantial harm to others and consideration of the "public interest"–also favor denying his motion. "[T]he interests of identifiable third parties and the public at large weigh against an injunction" in the prison setting. *Theriot v. Woods*, No. 2:18-cv-92, 2019 WL 409507, at *11 (W.D. Mich. Feb. 1, 2019). "Decisions concerning prison security are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive." *Id.* "The public welfare therefore militates against the issuance of extraordinary relief [of injunctive action] in the prison context, absent a sufficient showing of a violation of constitutional rights." *Id.* (citing *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988)); *see also Lane v. Beavers*, No.

2:19-CV-1793, 2019 WL 3521652, at *6 (S.D. Ohio Aug. 2, 2019), *report and recommendation adopted*, 2019 WL 6877851 (S.D. Ohio Dec. 17, 2019) ("enjoining prison officials from moving Plaintiff to segregation and keeping him out of plain view from other inmates would undoubtedly remove from prison officials the deference that they are generally afforded in the administration and control of the prison.") (internal citation omitted).

As noted in *Annabel*, ICF is "a high-level-security prison and MDOC has the discretion to place reasonable restrictions on his access to the law library." 2018 WL 5295887, at *3. Current regulations permit prisoners "at least four hours per week of law library use in sessions of not less than one hour each," as well as additional time to meet court deadlines. MDOC Policy Directive 05.03.115 ¶¶ L-N.[5] Lewis argues that his position is supported by *Shango v. Jurich*, 965 F.2d 289, 292 (7th Cir. 1992), in which the court stated that "inmates may visit and freely utilize the prison's law library, optimally for 10 to 11 hours, one day each week, according to their assigned cellhouse." This was found to be an adequate level of access to the law library in question, but the court did not establish this level of access as a baseline for adequacy. Thus, Lewis has not shown that his level of

---

[5] /https://www.michigan.gov/corrections/-/media/Project/Websites/corrections/Files/Policy-Directives/PDs-05-Institutional-Placement-and-Programs/PD-0503-Programs-and-Leisure-Time-Activities/05-03-115-Law-Libraries-effective-04-01-20.pdf?rev=25e3231203f9484d847decf7a0a3d8d6, last accessed August 29, 2022.

access is inadequate, or that his requested injunction allowing for 10 hours of law library access per week is reasonable.

Defendants argue that the harm to Lewis is speculative and can be ameliorated by extensions of time granted by the Court. The undersigned agrees. Furthermore, granting Lewis more than the allotted time for a prisoner's access to the law library could result in a lack of access for other prisoners, stretching of ICF's resources, and potential prisoner disputes. Lewis has also failed to show that his request would serve the public interest. His request has no apparent public benefit and therefore does not rebut the general presumption that injunctions in the prison setting cut against the public interest. *Theriot v. Woods*, 2019 WL 409507, at *11.

IV. Motions to Stay

This court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, "it is ... clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

In light of the recommendation that Lewis's motion for a TRO be denied, and the Court's acceptance of his amended complaint as the governing complaint, the undersigned recommends that Lewis's pending motions to stay be denied as moot.

Finally, as stated above, if Lewis needs additional time for filing a response to the pending motion to dismiss, he may request an extension and it will likely be granted.

## V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Lewis's motion for a TRO, (ECF No. 55), be DENIED. Further, the undersigned RECOMMENDS that Lewis's motions to stay, (ECF Nos. 52, 72), be DENIED AS MOOT.

Dated: August 31, 2022  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

11

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.