UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM LEWIS,

     Plaintiff,

v.

ALAN GREASON, REGINA JENKINS-
GRANT, CHRISTINA RAMSEY,
JEFFREY LUZIUS, MELODY WALLACE,
RICHARD RUSSELL, FNU CAMPBELL,
UNKNOWN MAILROOM PERSONNEL,
and UNKNOWN TRANSFER COORDINATOR,

     Defendants.

_____/

Case No. 2:21-cv-11939
Hon. Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

**ORDER OVERRULING OBJECTIONS [86];
DENYING MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS [88];
AND ACCEPTING AND ADOPTING AUGUST 31, 2022 REPORT AND
RECOMMENDATION [81] TO DENY PLAINTIFF'S MOTION FOR TRO [55] AND DENY
AS MOOT PLAINTIFF'S MOTIONS TO STAY [52, 72];**

**AND**

**ORDER OVERRULING RULE 72(a) OBJECTIONS [71, 80]; VACATING SCHEDULING
ORDER; AND DENYING REMAINING PENDING MOTIONS WITHOUT PREJUDICE TO
BEING REFILED BY COUNSEL AFTER STAY IS LIFTED [79, 83, 84]**

This is a prisoner civil rights case. Plaintiff Tom Lewis, proceeding *pro se*, filed an amended complaint on February 2, 2022 which the Magistrate Judge[1] accepted as the operative complaint. (*See* ECF Nos. 16, 78.) On July 8, 2022, Plaintiff moved to strike his own claims arising under 42 U.S.C. § 1985 and the Magistrate Judge granted the motion. (*See* ECF Nos. 63, 78.) Thus, only Plaintiff's claims arising under § 1983 in the amended complaint remain.

---

[1] This Court referred pretrial matters to the Magistrate Judge on April 1, 2022. (ECF No. 21.)

Plaintiff moved for the appointment of counsel on September 1, 2022. (ECF No. 82.) That motion was conditionally granted by the Magistrate Judge and proceedings in this matter were stayed for 60 days. (ECF No. 87.) This order resolves all of Plaintiff's pending motions and unaddressed objections. (ECF Nos. 52, 55, 71, 72, 79, 80, 83, 84, 86, 88.) Defendants' motions for summary judgment (ECF Nos. 33, 74) remain pending, but will not be addressed before the stay is lifted, a new scheduling order has been issued, and Plaintiff (or his counsel, if appointed) has been given an opportunity to respond. Defendants may choose to withdraw their motions for summary judgment and refile once a new scheduling order issues.

## I.      August 31, 2022 Report and Recommendation

### A.      Motions to Stay and Motion for Extension of Time to File Objections

On June 27, 2022, and August 8, 2022, Plaintiff moved to stay these proceedings. (ECF Nos. 52, 72.) The Magistrate Judge addresses Plaintiff's motions to stay in her August 31, 2022 Report and Recommendation (ECF No. 81.) She recommends Plaintiff's motions be denied as moot. (ECF No. 81, PageID.1063.) This Court agrees with the Magistrate Judge's reasoning and conclusion and further notes that a stay was put in place for 60 days while the Court attempts to secure counsel for Plaintiff. (ECF No. 87.) Accordingly, this Court ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation with respect to Plaintiff's motions to stay.

### B.      Motion for Temporary Restraining Order

Plaintiff moved on June 27, 2022 for a temporary restraining order ("TRO") to prevent officials where he is currently detained, the Ionia Correctional Facility, from "using covid as a way to limit research and development" of his case by restricting his access to the law library. (ECF No. 55, PageID.663.) The Magistrate Judge conducted a thorough analysis in

her Report and Recommendation and concluded that Plaintiff's motion should be denied because Plaintiff failed to show how he would suffer irreparable injury absent a TRO, how a TRO would not cause substantial harm to others, and that the public interest favored granting his motion. (ECF 81, PageID.1059-62) (analyzing under factors set forth in *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1002 (6th Cir. 2006)). The Magistrate Judge also noted that none of the defendants in this case are employed by Ionia Correctional Facility and Plaintiff did not provide authority, nor was she aware of any authority, that allowed the Court to enter an injunction against a non-defendant. (ECF No. 81, PageID.1058.) The Court has reviewed Plaintiff's motion and the relevant authorities and agrees with the Magistrate Judge's reasoning and conclusion. Accordingly, the Court ACCEPTS and ADOPTS the Report and Recommendation on Defendant's motion for TRO.

### C.      Plaintiff's Objections and Motion for Extension of Time

Plaintiff filed objections to the Report and Recommendation on September 15, 2022 then moved on September 20, 2022 for an extension of time to file additional objections. (ECF Nos. 86, 88.)  The Court, having conducted a *de novo* review of the Report and Recommendation and Plaintiff's objections, finds Plaintiff's objections are without merit. Additionally, the Court finds any objection to the Report and Recommendation would be without merit as the Magistrate Judge correctly analyzed Plaintiff's motion and provided a sound conclusion. Accordingly, Plaintiff's objections are OVERRULED and his motion for an extension of time is DENIED.

**II.    The Scheduling Order is Vacated and Plaintiff's Rule 72(a) Objections are Overruled**

Defendants filed motions for summary judgment on June 1, 2022 and August 15, 2022 and Plaintiff was ordered by the Magistrate Judge to file a response by July 8, 2022, and September 19, 2022, respectively. (ECF Nos. 33, 35, 74, 75.) Rather than provide a response on the merits of Defendants' motion, Plaintiff moved to stay this litigation (ECF No. 43) and objected to the Magistrate Judge's orders requiring him to respond (ECF Nos. 71, 80). The Magistrate Judge has since denied Plaintiff's motion to stay (ECF No. 61) and Plaintiff objected to that decision. (ECF No. 71.) Given that this case is stayed while the Court attempts to find Plaintiff *pro bono* counsel, the Court finds the best approach is to vacate the deadlines associated with Defendants' motions so that Plaintiff (or his appointed counsel) has an opportunity to respond once the stay of this case is lifted. Accordingly, this Court VACATES all deadlines associated with Defendants' pending motions for summary judgment. Plaintiff's objections to the Magistrate Judge's order requiring him to respond (ECF Nos. 71, 80) are therefore MOOT and OVERRULED. Plaintiff's objection to the Magistrate Judge's order denying Plaintiff's motion to stay (ECF No. 71) is also OVERRULED as this Court finds the Magistrate Judge's decision is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

**III.   Plaintiff's Remaining Pending Motions**

The above motions and objections having been resolved, the Court now turns to Plaintiff's three remaining pending motions. On August 29, 2022, Plaintiff filed a "motion for discovery" claiming a period of discovery is necessary before Plaintiff can respond to Defendants' motions for summary judgment (ECF No. 79); on September 2, 2022, Plaintiff filed a motion that stated a deadline extension to respond to Defendants' motions for

summary judgment was inadequate and again asked for a TRO (ECF No. 83);  and on September 9, 2022, Plaintiff filed a "motion to incorporate by reference [his] motion for discovery . . . to relate to Defendants (sic) Motion to Dismiss Summary Judgment . . ." (ECF No. 84).

The Court has reviewed Plaintiff's pending motions. Given that the deadlines associated with Defendants' pending motions for summary judgment have been vacated, and given that many of the arguments Plaintiff makes seem to be duplicative, or unclear, the Court finds justice would be better served and judicial and party resources would be conserved if the Court DENIES WITHOUT PREJUDICE Plaintiff's motions at ECF Nos. 79, 83, and 84.  When the stay of this case is lifted, Plaintiff (or his counsel) may refile any of these motions that have merit, are not moot, and are not duplicative of Plaintiffs' earlier motions.

## IV.    Conclusion

For the above-stated reasons, the Court hereby ACCEPTS AND ADOPTS the Magistrate Judge's August 31, 2022 Report and Recommendation (ECF No. 81); Plaintiff's objections to the Report and Recommendation are OVERRULED (ECF No. 86); Plaintiff's motion for temporary restraining order (ECF No. 55) is DENIED; Plaintiff's motions to stay are DENIED AS MOOT (ECF Nos. 52, 72); Plaintiff's Rule 72(a) objections are OVERRULED (ECF Nos. 71, 80); Plaintiff's motion for extension of time to file objections is DENIED (ECF No. 88); the scheduling deadlines associated with Defendants' pending motions for summary judgment are VACATED; and Plaintiff's remaining three motions are DENIED WITHOUT PREJUDICE (ECF Nos. 79, 83, 84).

**The parties are reminded that *while this case is stayed, no motions may be filed*** (although Defendants may withdraw their pending motions for summary judgment to be refiled at a later date, if they so choose).

**SO ORDERED**.

_/s/ Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Court

Dated:_____5/9/2022_____

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2022, by electronic and/or ordinary mail.

_s/ Lisa Bartlett_____
Case Manager

6