UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM LEWIS,

    Plaintiff,

v.

ALAN GREASON, REGINA JENKINS-
GRANT, CHRISTINA RAMSEY,
JEFFREY LUZIUS, MELODY WALLACE,
RICHARD RUSSELL, FNU CAMPBELL,
UNKNOWN MAILROOM PERSONNEL,
and UNKNOWN TRANSFER COORDINATOR,

    Defendants.
_____/

Case No. 2:21-cv-11939
Hon. Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

## ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S DECEMBER 16, 2022 ORDER [100]

Before the Court are Plaintiff Tom Lewis's Objections to the Magistrate Judge's December 16, 2022 Order (the "Order"). (ECF No. 100.) Plaintiff filed a Motion for Extension of Time to File Objections to the Order which this Court denied as futile. (ECF No. 99.) The present objections were received on January 4, 2023.

Federal Rule of Civil Procedure 72(a) permits a party to serve and file objections to a Magistrate Judge's non-dispositive order with 14 days after being served with a copy. Under Rule 6(d), three days are added to the 14-day period to allow for service by mail. Thus, Plaintiff's objections would be time-barred if filed more than 17 days after entry of the Order, or later than January 2, 2023. Plaintiff did not include a certificate of service with his objections, but he signed them under penalty of perjury on December 25, 2022 and the envelope is post-marked December 29, 2022.

1

Therefore, under the prison mailbox-rule,[1] the objections are timely filed. *See Houston v. Lack*, 487 U.S. 266 (1988) (establishing the prison mailbox rule); *Armour v. Gundy*, 107 F.3d 870 (6th Cir. 1997) (applying the prison mailbox rule to objections to a magistrate judge's report); *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022) (applying prison mailbox rule to Rule 72(a) objections to a magistrate judge's non-dispositive order).

The Court nevertheless overrules Plaintiff's objections. When a party files a timely Rule 72(a) objection, the district court is directed to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Plaintiffs objections identify no part of the Order that meets this standard. Rather, he reasserts his previous arguments and complains that several of his prior motions were adjudicated unfairly. (ECF No. 100.) But Rule 72 objections do not provide a "second bite at the apple"— an objection that merely summarizes what has been previously argued or simply disagrees with a magistrate judge's resolution will be overruled. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). Accordingly, and after a *de novo* review of the Order, this Court finds it agrees with the Magistrate Judge's analysis and conclusion. This case has been pending for 17 months and Defendants' dispositive motions have been pending for seven and five months, respectively. (*See* ECF Nos. 33, 74.) While responses to dispositive motions are typically due within 21 days, Defendant has been given until January 23, 2023 to file a timely response. (*See* E.D. Mich. L.R. 7.1(e)(2)(A); ECF No. 96.) Any further extension or stay would cause

---

[1] The "prison mailbox rule" provides that a pro se prisoner's court filing is deemed filed as of the date on which he or she delivered the filing to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275 (1988).

prejudice to Defendants who have the right to a timely determination of their motions. *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). A stay of proceedings is therefore unwarranted. Defendant's objections (ECF No. 100) are **OVERRULED.**

    **SO ORDERED**.

                                                                                                 /s/ Nancy G. Edmunds  
                                                                                         Nancy G. Edmunds  
                                                                                         United States District Court

Dated: January 11, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2023, by electronic and/or ordinary mail.

                              s/ Lisa Bartlett  
                              Case Manager