UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM LEWIS,

    Plaintiff,

v.

ALAN GREASON, REGINA JENKINS-GRANT, CHRISTINA RAMSEY, JEFFREY LUZIUS, MELODY WALLACE, RICHARD RUSSELL, FNU CAMPBELL, UNKNOWN MAILROOM PERSONNEL, and UNKNOWN TRANSFER COORDINATOR,

    Defendants.
_____/

Case No. 2:21-cv-11939

Hon. Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

**ORDER ACCEPTING AND ADOPTING FEBRUARY 15, 2023 REPORT AND RECOMMENDATION [114], STRIKING SECOND AMENDED COMPLAINT [124] AND AFFIDAVIT IN SUPPORT [125], AND RESOLVING OUTSTANDING MOTIONS [33, 74, 108, 116, 117, 121, 123, 126, 128]**

In this prisoner civil rights case, Plaintiff Tom Lewis brings five claims against various Michigan Department of Corrections ("MDOC") defendants in his Amended Complaint: Claim I(a), First Amendment Retaliation, against Defendants Greason, Jenkins-Grant, and Unknown Transfer Coordinator (identified as Jennifer Torres); Claim I(b), Violation of Free Exercise Clause of First Amendment, against Defendants Greason, Jenkins-Grant, and Unknown Transfer Coordinator (identified as Jennifer Torres); Claim II, Interference with Access to the Courts (tampering with legal mail), against Defendants Ramsey, Campbell, Wallace, Russell, and Luzius; Claim III, Interference with Access to the Courts (denial of access to law library), against

1

Defendants Luzius, Wallace, and Russell; and Claim IV, Interference with Access to the Courts (interference with legal mail/ failure to send legal mail in a timely fashion), against Defendants Unknown Mailroom Personnel (Carson City), Wallace, and Russell.[1] In June and August of 2022, Defendants Luzius, Campbell, Russell, and Wallace filed dispositive motions. (ECF Nos. 33, 74.) Plaintiff filed timely responses to those motions attaching an affidavit in support and several exhibits to each.[2] (ECF Nos. 111, 112.) Plaintiff also moved to strike Defendants' motions. (ECF No. 108.)

Before the Court are the Magistrate Judge's February 15, 2023 Report and Recommendation ("R and R") and Plaintiff's objections thereto.[3] (ECF Nos. 114, 120.) The Magistrate Judge Recommends denying Plaintiff's motion to strike (ECF No. 108), granting Defendant Luzius's motion (ECF No. 33), and granting in part and denying in part Defendants Campbell, Russell, and Wallace's motion (ECF No. 74)—denying the motion as to exhaustion of Plaintiff's Claim II against Defendants Campbell and Russell, but otherwise granting the motion including dismissing the claims against Defendants Campbell and Russell for failure to state a claim. For the reasons set forth below, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. In the interest of judicial economy, this order also resolves Plaintiff's motion to correct notice (ECF No. 116), Plaintiff's

---

[1] Plaintiff only numbers four claims, but in his first claim he alleges both retaliation and a violation of the free exercise clause. For ease of reference, the Court will refer to these claims as Claims I(a) and I(b), respectively.

[2] Plaintiff's responses were timely filed pursuant to the "prison mailbox rule," which provides that a pro se prisoner's court filing is deemed filed as of the date on which he or she delivered the filing to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275 (1988). Plaintiff signed his responses and they were postmarked on January 20 and January 23, 2023. Accordingly, they are accepted as filed as of those dates.

[3] Plaintiff's motion for extension of time to file objections (ECF No. 117) is DENIED AS MOOT as his objections were timely filed on February 27, 2023.

2

motion for judicial notice (ECF No. 121), Plaintiff's motion to amend the complaint (ECF No. 123), Plaintiff's motion to re-submit exhibits (ECF No. 126), and Plaintiff's motion to produce exhibits (ECF No. 128).

## I.  Objections to Report and Recommendation

### A.  Legal Standard

Upon receipt of a report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* See also Fed. R. Civ. P. 72(b)(3).

The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, objections that merely restate arguments previously presented do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An

3

objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

### B. Analysis

Plaintiff filed ten objections to the R and R. Because none of these objections identify an error by the Magistrate Judge that, when remedied, would ultimately change the conclusion that Plaintiff failed to state a claim as to Claims II and IV, and failed to exhaust his administrative remedies as to Defendant Wallace in Claim II and all defendants in Claims III and IV, each objection is overruled.

In his first objection, Plaintiff asserts that Defendants continue to "subvert the judicial process through fraudulent acts denying [Plaintiff] his right to present a defense." (ECF No. 120, PageID.1429.) In support of this accusation, Plaintiff points to the Magistrate Judge's comment regarding the untimeliness of his responses and he accuses MDOC of purposely failing to mail his responses despite providing him with confirmation of mailing. Plaintiff also asserts that MDOC opened his mail and removed grievance 21-4-1211 from his response since the Magistrate Judge noted that grievance was not attached.

To the extent Plaintiff alleges fraud on the Court, he provides insufficient evidence to support this claim. *See Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*, 407 F. Supp. 2d 834, 847 (E.D. Mich. 2005) ("Proof of fraud upon the court must be by clear and convincing evidence") (citation omitted).

4

Admittedly, some of the confusion here may be due to error on the Court's part though this does not change the disposition of the R and R, or ultimately affect this Court's decision. For instance, Plaintiff's responses were indeed postmarked January 20 and January 23, although mail or other delays outside of MDOC's control caused the documents to be received on January 30 and February 1, respectively. Regardless, the Magistrate Judge fully considered Plaintiff's responses in her report so there was no prejudice to Plaintiff. (ECF No. 114, PageID.1364.) In addition, the grievance Plaintiff references does appear to be attached to his response despite the Magistrate Judge's inability to identify it (the "grievance identifier" is blank, but the substance of the grievance matches Plaintiff's description). (ECF No. 112, PageID.1351.) Because the inclusion of this grievance would not change the Court's analysis of the issue, Plaintiff was not prejudiced as a result of this small oversight.

In his second objection, Plaintiff asserts that he was prejudiced because the Court did not allow him to engage in discovery. But, as the Magistrate Judge noted in her February 15, 2023 Order, discovery requests are premature at this stage. (ECF No. 115.) Plaintiff does not need discovery to respond to a motion to dismiss or a motion for summary judgment on the basis of exhaustion, which is the stage these proceedings are at now. Moreover, to the extent the grievances Plaintiff references differ from each other, this does not constitute fraud. *See Threatt v. Williams*, No. 15-12585, 2016 WL 4607639, at *2 (E.D. Mich. Sept. 6, 2016); *Mathis v. Sudhir*, No. 1:13-CV-187, 2014 WL 905823, at *10 (W.D. Mich. Mar. 5, 2014).

In his third objection, Plaintiff confuses the Federal Rule of Civil Procedure applicable to Plaintiff's motion to strike (Rule 12(g)(2)) and the Rules applicable to Defendants' motions (Rules 12(b)(6) and 56(a)). The Magistrate Judge did not err.

In his fourth objection, Plaintiff disagrees with the Magistrate Judge's analysis and findings regarding Plaintiff's failure to exhaust his claims against Defendant Luzius. (*See* ECF No. 114, PageID.1369-1372.) But an objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017). Nevertheless, this Court reviewed the relevant grievance and grievance report and is satisfied that Defendant Luzius successfully showed that Plaintiff failed to exhaust his administrative remedies against him. *See Lee v.* Willey, 789 F.3d 673, 677 (6th Cir. 2015) ("Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence.")

Plaintiff provides an example of a grievance that was rejected at Step III and asserts that his grievance was in fact decided on the merits. (ECF No. 108, PageID.1247.) But the example of a grievance that was rejected at Step III shows four options for a response, one of the options being that the Step II rejection is upheld. It would appear this is the case with grievance MRF-19-10-1453, which states "the rejection is upheld" which this Court takes to mean the grievance was rejected at Step II and that rejection was affirmed at Step III. (ECF No. 108, PageID.1246.) In any event, whether the grievance was rejected or denied did not affect the Magistrate

6

Judge's conclusion as to Luzius (*See* ECF No. 114, PageID.1383) (noting that "MRF-1453 would not have exhausted cognizable claims against Luzius [because] . . . the decision to sanction [Plaintiff] was made by the hearing officer, not Luzius.)

Plaintiff's fifth objection is also invalid as it merely states his disagreement with the Magistrate Judge's exhaustion analysis as to Defendants Campbell, Russell, and Wallace without identifying a clear and specific error that would change the outcome. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017). The arguments Plaintiff makes do not speak to an issue "at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Plaintiff provides no evidence and points to no error that would support a conclusion that he exhausted his remedies as to Claims III and IV or that Claims II and IV state a claim upon which relief can be granted. This Court agrees with the Magistrate Judge's analysis and its own analysis of these issues in its October 7, 2021 Opinion and Order.

In his sixth objection, Plaintiff asserts that the Magistrate Judge did not consider his response to Defendants Campbell, Russell, and Wallace's Motion to Dismiss. This is inaccurate. The Magistrate Judge specifically noted that she considered both of Plaintiff's responses in analyzing the motions. (ECF No. 114, PageID.1364.)

In his seventh objection, Plaintiff refers to the portion of the Magistrate Judge's report in which she analyzes exhaustion of the claims against Defendants Campbell, Russell, and Wallace, but his arguments surround whether the Magistrate Judge properly considered circumstantial evidence relating to Defendants' alleged conspiracy. Plaintiff also disagrees with the Magistrate Judge's application of several

7

cases pertaining to the exhaustion of conspiracy claims: *Ayotte v. Stemen*, No. 15-13826, 2019 WL 2219739, at *3 (E.D. Mich. Feb. 27, 2019), *Coates v. Castilla*, No. 20-CV-11101, 2022 WL2162926, at *4 (E.D. Mich. Jan. 20, 2022), *report and recommendation adopted*, 2022 WL 2161484 (E.D. Mich. June 15, 2022), and *Johnson v. Bryant*, No. 1:17-CV-853, 2018 WL 3105945, at *1 (W.D. Mich. June 25, 2018). This Court reviewed the Magistrate Judge's analysis of the exhaustion issue and is satisfied that the Magistrate Judge's conclusion is well supported by both facts and law. As Plaintiff does not provide a specific reason why the cases he refers to are "wholly distinguishable" from the present case, his objection is overruled. (ECF No. 120, PageID.1455.) *See also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (finding that objections must be "specific").

Plaintiff's eighth objection discusses the Magistrate Judge's analysis of Defendants' law-of-the-case argument arguing that she erred in applying the doctrine to the present case. (ECF No. 114, PageID.1390-1391.) Plaintiff's arguments are unfounded. The Magistrate Judge discussed the law-of-the-case doctrine, but did not find that it applied in this instance. Rather, the Magistrate Judge noted that Defendant failed to cure the deficiencies in his original complaint by filing the Amended Complaint and that these deficiencies were fatal to Claim IV. (*See* ECF No. 114, PageID.1391 (noting that Plaintiff's "hurdle" is that his petition for rehearing to the United States Supreme Court was so unlikely to be granted that any delay would not constitute an "actual injury" as required to sustain a claim)).

In his ninth objection, Plaintiff asserts that the Magistrate Judge erred by not analyzing Plaintiff's fraud allegations before coming to a conclusion regarding

8

Defendants' motions. This Court takes fraud very seriously and agrees with Plaintiff that part of the Court's duty is to protect the judicial process. (ECF No. 120, PageID.1424.) But the Magistrate Judge did consider Plaintiff's allegations of fraud and found no evidence of any wrongdoing by Defendants in the present case. (ECF No. 114, PageID.1370-71.) This Court too considered Plaintiff's arguments in regards to his fourth objection, above. Simply put, Plaintiff's arguments and exhibits do not support a conclusion that Defendants or their attorney altered any evidence in this case. Slight differences in documents drafted at different times and in different MDOC facilities do not, without more, rise to the level necessary to support a claim of fraud on the Court. *See Threatt v. Williams*, No. 15-12585, 2016 WL 4607639, at *2 (E.D. Mich. Sept. 6, 2016); Mathis v. Sudhir, No. 1:13 CV-187, 2014 WL 905823, at *10 (W.D. Mich. Mar. 5, 2014). To the extent that Plaintiff refers to what he understands to be fraud in his prior case of *Lewis v. Decker*, Case No. 1:18-cv-1093 (W.D. Mich.), those allegations are part of his claims in the present case and the Magistrate Judge has considered them appropriately.

Plaintiff's tenth objection is comprised of several of his previous arguments discussed above. Thus, this objection is overruled for the reasons stated herein.

## II.     Defendants Ramsey and Unknown Mailroom Personnel

Plaintiff names Defendants Ramsey, Campbell, Wallace, Russell, and Luzius in his Claim II. (ECF No. 16, PageID.179.) In her R and R, the Magistrate Judge concluded that Plaintiff properly exhausted this claim as against Defendants Campbell and Russel, but that Plaintiff's Claim II failed to state a valid conspiracy claim under § 1983. (See ECF No 114, PageID.1386, 1392.) This analysis and the Magistrate

Judge's conclusions also apply to Defendant Ramsey. Though Plaintiff may have exhausted his claim against Ramsey, he fails to state a civil conspiracy claim. As Defendant Ramsey is only a named in Claim II, she is hereby dismissed from this action. *See* 42 U.S.C. § 1997e(c) (granting the district court the authority to dismiss a claim or action "on its own motion" under circumstances present here).

Similarly, the Court finds that because Plaintiff failed to state a claim for relief in Claim IV, that he failed to state a claim against Defendant Unknown Mailroom Personnel. (*See* ECF No. 16, PageID.182.) Defendant Unknown Mailroom Personnel is therefore dismissed.

### III. Plaintiff's Motions for Judicial Notice, to Re-Submit the Exhibits, and to Produce Exhibits

Plaintiff's motions for judicial notice (ECF No. 121), to re-submit the exhibits (ECF No. 126), and to produce exhibits (ECF No. 127) all surround Plaintiff's theory that Defendants opened his mail to remove exhibits from his responses to Defendants' dispositive motions. As explained above, Plaintiff's exhibits 1-14 and exhibits A-G were in fact attached to his responses and reviewed by both the Magistrate Judge and this Court. Plaintiff's motions are therefore denied.

### IV. Plaintiff's Motion to Correct Notice

Plaintiff moves to "correct the Court's incorrect notice to Defendants as to Plaintiff's claims against them." (ECF No. 116.) To the extent the parties need clarification regarding the remaining claims and defendants in this action, this order so clarifies. Plaintiff's motion is therefore denied.

## V.     Plaintiff's Motion to Amend the Complaint

Plaintiff also moves to amend his complaint in order to clarify his conspiracy claims against Defendants. (ECF No. 123.) Generally, pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15 (a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). In addition, when considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

Here, the Court finds Plaintiff's proposed amended complaint to be futile. This order dismisses the claims Plaintiff wishes to amend and his proposed amendments fail to cure the deficiencies. Moreover, allowing Plaintiff to now amend his complaint

11

would cause undue prejudice to Defendants who would be required to expend significant additional resources in preparing future motions.

Plaintiff's motion to amend (ECF No. 123) is therefore denied, and his second amended complaint (ECF No. 124) and affidavit in support (ECF No. 125) are hereby stricken from the record.

## VI.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Extension of Time to File Objections (ECF No. 117) is **DENIED AS MOOT** and the following motions are **DENIED**: Motion to Correct Notice (ECF No. 116); Motion for Judicial Notice (ECF No. 121); Motion to Amend Complaint (ECF No. 123); Motion to Re-Submit Exhibits (ECF No. 126); and Motion to Produce Exhibits (ECF No. 128).

Plaintiff's Objections (ECF No. 120) are **OVERRULED** and the Court hereby **ACCEPTS AND ADOPTS** the Magistrate Judge's February 15, 2023 Report and Recommendation (ECF No. 114), **DENIES** Plaintiff's Motion to Strike Multiple Summary Judgment Motions (ECF No. 108), **GRANTS** Defendant Luzius's Motion for Summary Judgment (ECF No. 33), and **GRANTS IN PART AND DENIES IN PART** as described above Defendants Campbell, Russell, and Wallace's Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 74).

Finally, Plaintiff's Second Amended Complaint (ECF No. 124) and Affidavit in Support of Second Amended Complaint (ECF No. 125) are hereby **STRICKEN** and the Clerk of the Court is **HEREBY ORDERED** to update the case caption to reflect Jennifer Torres as the "Unknown Transfer Coordinator." Defendants Christina

Ramsey, Jeffrey Luzius, Melody Wallace, Richard Russell, FNU Campbell, and Unknown Mailroom Personnel are **HEREBY DISMISSED**.

**The Amended Complaint (ECF No. 16) continues to govern this action with only Claim I(a)—First Amendment Retaliation—and Claim I(b)—Violation of Free Exercise Clause—remaining, both against Defendants Greason, Jenkins-Grant, and Torres. A scheduling order will issue after which the parties will be permitted to engage in discovery relevant to these claims and in accordance with the Federal Rules of Civil Procedure, including Rule 33 and Rule 34.**

**SO ORDERED**.

                                           __/s/ Nancy G. Edmunds__
                                           Nancy G. Edmunds
                                           United States District Court

Dated: March 20, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2023, by electronic and/or ordinary mail.

                         s/ Lisa Bartlett
                         Case Manager