UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM LEWIS,

    Plaintiff,

v.

ALAN GREASON, REGINA JENKINS-GRANT, CHRISTINA RAMSEY, JEFFREY LUZIUS, MELODY WALLACE, RICHARD RUSSELL, FNU CAMPBELL, UNKNOWN MAILROOM PERSONNEL, and UNKNOWN TRANSFER COORDINATOR,

    Defendants.
_____/

Case No. 2:21-cv-11939

Hon. Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS [164], ACCEPTING AND ADOPTING THE JULY 20, 2023 REPORT AND RECOMMENDATION [158], GRANTING DEFENDANTS' MOTION TO DISMISS [134], AND DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [150]

This is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiff Tom Lewis alleges five claims against nine prison officials in his Amended Complaint. On March 20, 2023, this Court accepted and adopted the Magistrate Judge's Report and Recommendation and dismissed all but two of Plaintiff's claims against three defendants. As a result, only the First Amendment Retaliation and Violation of Free Exercise Clause claims against Defendants Alan Greason, Regina Jenkins-Grant, and Jennifer Torres remain. Those defendants now move to dismiss or alternatively, for summary judgment on the basis of exhaustion. (ECF No. 134.) Plaintiff also moves, for the third time, to amend his complaint. (ECF No. 150.)

1

Before the Court is the Magistrate Judge's July 20, 2023 Report and Recommendation. (ECF No. 158.) The Magistrate Judge recommends granting Defendants' motion to dismiss and denying Plaintiff's motion to amend the complaint. (*Id.*) On August 28, 2023, Plaintiff filed one document containing objections to both the Report and Recommendation and a non-dispositive order entered by the Magistrate Judge on July 20, 2023. (ECF Nos. 164.) Defendants filed a response to Plaintiff's objections. (ECF No. 167.) Plaintiff also filed two documents, labeled as motions, which the Court construes as exhibits to his objections and/or as exhibits to his pending motion for relief from judgment[1]. (ECF Nos. 160, 165.)

For the reasons that follow, the Court overrules Plaintiff's objections and accepts and adopts the Magistrate Judge's July 20, 2023 Report and Recommendation.

I.  **Relevant Background and Allegations from the Amended Complaint**

Plaintiff is an inmate with the Michigan Department of Corrections ("MDOC"). Defendants Greason, Jenkins-Grant, and Torres are MDOC officials who, at all relevant times, were employed at the Macomb Correctional Facility ("Macomb"). According to the Amended Complaint,[2] Plaintiff maintains a Kosher diet as part of a sincerely held religious belief. (ECF No. 16, PageID.178.) He was born a Jew. (*Id.*, PageID.188.) On October 26, 2019, while housed at Macomb, Plaintiff was sent to segregation for a fighting ticket. (*Id.*, PageID.187; *see also id.*, PageID.213.) Plaintiff states the fighting incident arose when another prisoner desecrated his Bible. When Plaintiff confronted the other prisoner, "a minor fight occurred" which caused each prisoner to sustain some bruises, but nothing more. (*Id.*, PageID.187-88.) Three days later, Plaintiff was

---

[1] Plaintiff's motion for relief from judgment will be addressed in a future order. (*See* ECF No. 155.)
[2] Upon review of a motion to dismiss, the allegations in the complaint are accepted as true.

transferred from Macomb, which according to Plaintiff is "the only facility designated as a Kosher facility for Jews who are born Jews" (*id.*, PageID.188), to Gus Harrison Correctional Facility ("Gus Harrison"), a prison that does not provide Kosher meals. Ten days after Plaintiff arrived at Gus Harrison, on November 7, 2019, Plaintiff was transferred from Gus Harrison to Carson City Correctional Facility ("Carson City"), a facility that did not have a Kosher kitchen or serve Kosher meals for three to four months after Plaintiff's arrival. (*Id.*, PageID.189.)

On November 3, 2019, while still at Gus Harrison, Plaintiff filed a grievance in which he asserted that his transfer to Gus Harrison was in retaliation for his previous grievances and a separate lawsuit filed by Plaintiff in the Western District of Michigan.[3] (*Id.*, PageID.211.) He states in his grievance: "They know I am a Jew. They knew I require a Kosher diet. They sent me here [to Gus Harrison] knowing they'd be denying me my religious food. And they did it be cause of my grievance complaints and the suit I have against them." (*Id.*, PageID.211.) Plaintiff does not specifically name any MDOC employees in his grievance, but states: "Transferred no access in time limits plus – who did it?" (*Id.*)

On December 3, 2019, Plaintiff's grievance was marked "resolved" as Plaintiff had already been transferred to Carson City, "a facility that can accommodate his Kosher lines" according to the Step I Grievance decision. (*Id.*, PageID.213.) Plaintiff appealed this decision to Step II, where it was again considered resolved. (*Id.*, PageID.212, 214.) Plaintiff appealed to Step III and that determination was upheld. (*Id.*, PageID.212, ECF No. 33-3, PageID.383.) Plaintiff filed the present lawsuit on August 6, 2021 and amended his complaint on February 2, 2022.

---

[3] Western District of Michigan Case No. 18-cv-01093.

Plaintiff's first claim, which the Court has divided into Claim I(a) (First Amendment Retaliation) and Claim I(b) (Violation of First Amendment Free Exercise Clause) for clarity, states as follows:

> Defendants Greason, Jenkins-Grant and [Torres] conspired to violate my rights under the U.S. Constitution's 1st Amendment by retaliating against me for my grievances against [other prison officials]. They also violated the Free Exercise Clause by denying me Kosher meals for months.

(ECF No. 16, PageID.178.)

Plaintiff expands upon these allegations in an affidavit attached to the Amended Complaint. There, he states that his transfer was not an oversight, as claimed by MDOC in its Step I Grievance investigative summary. (*Id.*, PageID.188.) *See also id.*, PageID.213. In support of this conclusion, he alleges:

> Greason has known Plaintiff since 1999 and knew him as a Jew. Jenkins-Grant knew Plaintiff was a Jew on Kosher meals based on her personal interrelations with Plaintiff as a Jew. As a Jew, Plaintiff had discussed his Jewish issues with her because she managed the unit or cellblock he was in.
> 
> . . .
> 
> The defendants knew Plaintiff was a Jew who attended weekly services as a Hassidic Jew and that Macomb was the only facility designated by MDOC to serve Jews Kosher meals. The defendants' claim that it was an "oversight" is simply unrealistic amnesia.

(*Id.*, PageID.188.189 (minor edits for clarity)).

## II.   Defendants' Motion to Dismiss or Alternatively, for Summary Judgment

Defendants' motion rests on four arguments. First, that Plaintiff fails to state any claims against Greason, Jenkins-Grant, or Torres because his transfer resulted in a *de minimus* imposition on Plaintiff's First Amendment Rights. (ECF No. 134, PageID.1605) (citing *Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010) for the proposition that isolated incidents of negligence by prison officials in implementing Kosher food

4

requirements is not actionable under the First Amendment). Next, that Plaintiff cannot sustain a retaliation claim because his transfer did not impact his ability to access the courts or the grievance process and only resulted in a brief deprivation of Kosher meals which does not rise to the level of constitutional deprivation. Third, Defendants claim that Plaintiff did not state a claim against Defendant Greason because of his minimal involvement in the grievance process. Finally, Defendants claim Plaintiff failed to exhaust his administrative remedies because he did not name or otherwise identify Greason, Jenkins-Grant, and Torres in his relevant Grievance. (ECF No. 141.)

Plaintiff does not address these specific arguments in his reply. (ECF No. 143.)

### III. Report and Recommendation

#### A. Defendants' Motion to Dismiss or For Summary Judgment

The Magistrate Judge's report first addresses Defendants' motion. Considering Defendants' exhaustion argument first, the Magistrate Judge finds that MDOC's failure to reject Plaintiff's grievance for failing to name the responsible individuals constitutes a waiver of the failure to exhaust defense for that purpose. (ECF No. 158, PageID.1897.) Thus, she finds Plaintiff exhausted his administrative remedies as to his first transfer from Macomb to Gus Harrison. Nevertheless, she finds that Plaintiff's two transfers were two distinct acts and that Plaintiff failed to exhaust his administrative remedies regarding the second transfer, from Gus Harrison to Carson City. (*Id.*, PageID.1897-98.) The Magistrate Judge notes that Plaintiff filed his Step I grievance after his first transfer to Gus Harrison, but before his transfer to Carson City. Plaintiff neglected to separately grieve Defendants regarding any issue he had with the second transfer or with his

5

placement at Carson City despite the fact that he could have filed a grievance against them. (*See id.*, PageID.1898 n.3.)

The Magistrate Judge next found that Plaintiff failed to state a claim against Greason, Jenkins-Grant, and Torres. In regards to the second transfer, the Magistrate Judge noted that Plaintiff failed to allege that Macomb facility defendants Greason, Jenkins-Grant, and Torres were responsible for Plaintiff's transfer from Gus Harrison to Carson City and that it is unclear how these defendants would have been involved in that second transfer. She notes that even reading the Amended Complaint in the light most favorable to Plaintiff, this transfer was the mistake of Gus Harrison or Carson City employees and cannot be plausibly traced to Greason, Jenkins-Grant, or Torres. (*Id.*, PageID.1900-01.)

Regarding Plaintiff's free exercise claim, the Magistrate Judge found that because Plaintiff was transferred from Gus Harrison to Carson City within days of complaining about the lack of Kosher meals at Gus Harrison, and because his claims regarding Kosher meal availability at Carson City are not exhausted or attributable to the named defendants, his lack of Kosher meals for such a short time at Gus Harrison did not rise to the level of a constitutional violation and he cannot sustain a free exercise claim. (*Id.*, PageID.1903) (citing cases).

Finally, in regards to Plaintiff's retaliatory transfer claim pertaining to his first transfer, the Magistrate Judge found that Plaintiff's transfer and temporary loss of Kosher meals did not rise to the level of an adverse action necessary to sustain a First Amendment retaliation claim. (*Id.*, PageID.1905-07) (relying on, among other cases,

6

*Colvin v. Foy*, No. 1:13-CV-465, 2014 WL 1154658, at *6 (W.D. Mich. Mar. 21, 2014), *aff'd*, 2015 WL 13927277 (6th Cir. June 18, 2015)).

### B. Plaintiff's Motion to Amend the Complaint

The Magistrate Judge recommends denying as futile Plaintiff's motion to amend his complaint as the proposed amended complaint consists of allegations that have already been considered and decided by the Court. (ECF No. 158, PageID.1908.) She notes that Plaintiff's law library access claims were previously dismissed for failure to exhaust and that Plaintiff makes no indication that his reasserted claims have now been exhausted. In addition, the Magistrate Judge finds Plaintiff's proposed allegations do not add the specificity or particularity required to reassert his civil conspiracy or fraud claims against Russell, Wallace, and Campbell.

### IV. Objections to the Report and Recommendation

#### A. Legal Standard

Upon receipt of a report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* See also Fed. R. Civ. P. 72(b)(3).

The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the

heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, objections that merely restate arguments previously presented do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

**B.  Analysis**

Plaintiff filed eleven objections, eight of which seemingly apply to the Report and Recommendation.[4] Because none of these objections identify an error by the Magistrate Judge that when remedied, would ultimately change the Magistrate Judge's conclusions, *i.e.*, that Plaintiff failed to state a free exercise claim, failed to exhaust his administrative remedies regarding his second transfer from Gus Harrison to Carson City, and failed to allege an adverse action sufficient to sustain a claim for a retaliatory transfer from Macomb to Gus Harrison, objections one through seven are overruled. In addition, this Court agrees with the Magistrate Judge's reasoning and conclusion finding

---

[4] The remaining two, applicable to the non-dispositive order, will be addressed below.

that Plaintiff's motion to amend the complaint should be denied as futile, thus objection eight is also overruled.

In his first four objections, Plaintiff objects to the Magistrate Judge's finding that he failed to exhaust his administrative remedies pertaining to his second transfer from Gus Harrison to Carson City. He notes Defendants did not address exhaustion in the context of two separate transfers or two separate events. Citing *Jones v. Bock*, 549 U.S. 199 (2007), among other cases, Plaintiff argues the Magistrate Judge impermissibly relieved Defendants of their burden to plead and prove non-exhaustion and "*sua sponte*" dismissed his claims.

Plaintiff's objections fail because even though Defendants did not address Plaintiff's failure to exhaust in the context of two separate events each requiring exhaustion, Defendants do raise the affirmative defense of exhaustion in their motion and provide relevant documentation related to Plaintiff's Step III grievance appeals. (*See* ECF No. 134, PageID.1600; ECF No. 33-3.) Pursuant to *Jones,* a claim is subject to *sua sponte* dismissal for failure to state a claim if the affirmative defense appears on the face of the pleading and is sufficient to establish the existence of the defense. *See Leary v. A.R.U.S. Conerly*, No. 06-15424-BC, 2007 WL 1218952, at *4 (E.D. Mich. Apr. 25, 2007) (citing *Jones,* 127 S. Ct. at 920-21). Thus, courts have not interpreted *Jones* as precluding *sua sponte* dismissals based on an affirmative defense, such as exhaustion, where the failure to exhaust is evident and the plaintiff has first been given the opportunity to address the issue. *Threatt v. Williams*, No. 15-12585, 2016 WL 4607639, at *3 (E.D. Mich. Sept. 6, 2016) (citing *Baker v. Meko*, No. 08-cv-119, 2009 WL 56953, at *2 (E.D. Ky. Jan. 7, 2009)). Here, Plaintiff has had the opportunity to show

9

exhaustion as to his second transfer and indeed has provided documentation to the Court in the form of a Step I grievance, requests for grievances while on modified access, and letters to the warden and transfer coordinator at Carson City. (*See* ECF No. 165, PageID.1973-1977.) Plaintiff did not attach MDOC's response to the grievance or evidence of a Step II or Step III appeal of MDOC's decision, but even if he had exhausted this grievance through Step III, he still would not have exhausted his claims as to these Defendants because he fails to name them in any of the attached exhibits and instead attributes liability to other MDOC employees. Plaintiff's claims relating to Defendants' involvement in his second transfer are therefore properly dismissed and Plaintiff's first four objections are overruled.

Plaintiff's fifth objection focuses solely on his argument that he exhausted his remedies regarding the denial of Kosher meals at Carson City. This objection is overruled because, as above, Plaintiff fails to name Defendants Greason, Jenkins-Grant, and Torres in his grievance or other exhibits and instead attributes liability to other individuals.

In his sixth and seventh objections, Plaintiff disagrees with the Magistrate Judge's finding that Plaintiff failed to plausibly allege Defendants were responsible for Plaintiff's second transfer, from Gus Harrison to Carson City. In support of his argument, Plaintiff points to the affidavit attached to his Amended Complaint and his statements therein: "If [Defendants'] claim of amnesia is honest why was I not returned to Macomb once their mistake was realized? If it was not a retaliatory transfer why wasn't I returned?" (ECF No. 16, PageID.189.)

These statements from Plaintiff are, at best, speculation and conjecture that falls far short of stating a claim for relief under the standard set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[5] In that case, the Court held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56). And even though pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, *see Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011). Considering the affidavit in the light most favorable to

---

[5] The Court notes that Plaintiff also states in his proposed Second Amended Complaint that Defendants violated his Constitutional rights when they sent him to "two prisons" which did not provide Kosher meals. (ECF No. 150, PageID.1757.) Even if the Court allowed Plaintiff to amend his complaint, this revised allegation would be insufficient to state a claim based on *Iqbal*.

Plaintiff, he infers that Defendants are in some way responsible for Plaintiff's second transfer, but because his inference is devoid of sufficient factual content, objections six and seven are overruled.

Plaintiff's eighth objection, his last pertaining to the Report and Recommendation, concerns the Magistrate Judge's recommendation to deny his motion to amend the complaint. (ECF No. 150.) His objection reads: "[Plaintiff] objects to the Court's denial to amend his Complaint . . . . The Court's findings and conclusions [that the proposed amended complaint is] futile is refuted by [Plaintiff's] Motion for Relief from Judgment (ECF 155). [Plaintiff] presents as objections the errors and unjustly denies it to [Plaintiff's] prejudice." (ECF No. 164, PageID.1967.) An objection such as this, meaning one that does nothing more than disagree with a magistrate judge's conclusion, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017). Thus, this objection is also overruled.

V. **Objections to the Magistrate Judge's July 20, 2023 Non-Dispositive Order**

Plaintiff's final three objections are brought pursuant to Federal Rule of Civil Procedure 72(a) and pertain to the non-dispositive order issued by the Magistrate Judge on July 20, 2023. (ECF No. 157.) This order resolved Plaintiff's motions for clarification (ECF No. 139), for discovery (ECF No. 141), for subpoenas (ECF No. 146), and to re-add previously dismissed defendants (ECF No. 147). Upon review of the Magistrate Judge's Order and consideration of Plaintiff's objections, the Court finds it agrees with the Magistrate Judge's rulings on each of Plaintiff's motions. Thus, Plaintiff's objections are overruled.

**VI.     Conclusion**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 164) and **ACCEPTS AND ADOPTS** the Magistrate Judge's July 20, 2023 Report and Recommendation (ECF No. 158.) Defendant's Motion to Dismiss or Alternatively for Summary Judgment on the Basis of Exhaustion (ECF No. 134) is therefore **GRANTED** and Plaintiff's Motion to Amend the Complaint (ECF No. 150) is **DENIED**.

SO ORDERED.

                                 s/ Nancy G. Edmunds
                                 Nancy G. Edmunds
                                 United States District Judge

Dated: January 23, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2024, by electronic and/or ordinary mail.

                                 s/ Lisa Bartlett
                                 Case Manager