UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM LEWIS,

     Plaintiff,

v.

                                    Case No. 2:21-cv-11939

                                    Hon. Nancy G. Edmunds
                                    Magistrate Judge Kimberly G. Altman

ALAN GREASON, REGINA JENKINS-
GRANT, CHRISTINA RAMSEY,
JEFFREY LUZIUS, MELODY WALLACE,
RICHARD RUSSELL, FNU CAMPBELL,
UNKNOWN MAILROOM PERSONNEL,
and UNKNOWN TRANSFER
COORDINATOR,

     Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM
JUDGMENT [155] AND MOTION TO ALTER JUDGMENT [173]**

Plaintiff initiated this prisoner civil rights case against nineteen defendants on
August 6, 2021. On February 2, 2022, Plaintiff amended his complaint removing ten
defendants. (ECF No. 16.) On March 20, 2023, this Court accepted and adopted, over
Plaintiff's objections, a report and recommendation from the Magistrate Judge to
dismiss all but two of Plaintiff's claims against three defendants. (ECF Nos. 114, 129.)
This Court later accepted and adopted a second Report and Recommendation, again
over Plaintiff's objections, and dismissed Plaintiff's remaining claims. (ECF No. 171.)
Judgment was entered and this case was closed. (ECF No. 172.) Plaintiff now moves,
pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), to alter or amend the
judgment and for relief from judgment and the above-mentioned orders. (ECF Nos. 155,

173.) Defendants filed a response to Plaintiff's Rule 60(b) motion after being ordered to do so[1] (ECF No. 175) and Plaintiff filed a reply (ECF No. 176.) The Court did not order, and Defendants chose not to file a response to Plaintiff's Rule 59(e) motion. No hearing is necessary, and this decision is rendered on the briefs. *See* E.D. Mich. L.R. 7.1(f)(1). For the reasons that follow, Plaintiff's motions are denied.

## I.      Background

Plaintiff is an inmate with the Michigan Department of Corrections ("MDOC"). Defendants are MDOC officials who, at all relevant times, were employed at facilities where Plaintiff was imprisoned. According to the Amended Complaint, Plaintiff maintains a Kosher diet as part of a sincerely held religious belief. Plaintiff asserts that he was transferred from an MDOC facility that provides kosher meals to facilities that did not provide him kosher meals in retaliation for filing grievances and for maintaining a separate lawsuit in the Western District of Michigan. Plaintiff also asserts that his mail was tampered with by prison officials and that his right to access the prison law library was violated.[2]

## II.     Legal Standards

Plaintiff brings his motions pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605,

---

[1] Defendant's response was timely filed on the day following Washington's Birthday. (*See* Fed. R. Civ. P. 6(a)(6)(A)).

[2] A more thorough background can be found in this Court's previous orders and opinions, and the reports and recommendations entered by the Magistrate Judge. (*See, e.g.*, ECF Nos. 171, 158, 114.)

620 (6th Cir. 2005). A Rule 59 motion may not be used to relitigate issues of disagreement with the court's initial ruling. *See, e.g., Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case'"); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case."). Nor is a Rule 59(e) motion the proper vehicle to "present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475 (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)).

Similarly, "Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Per Fed. R. Civ. P. 60(b)(1), relief is warranted for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A party could also offer "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" to support relief. Fed. R. Civ. P. 60(b)(2). Fraud, misrepresentation, or misconduct by an opposing party provides another avenue for reopening a judgment. Fed. R. Civ. P. 60(b)(3). Finally, a party may seek relief under Fed. R. Civ. P. 60(b)(6) citing "any other reason that justifies relief"—provided that "'extraordinary circumstances' . . . justify reopening" the case. *Kemp*, 596 U.S. at 533 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n. 11 (1988)).[3]

---

[3] Rule 60(b)(4) and (b)(5) are not implicated here as those sections deal with circumstances irrelevant to Plaintiff's motion: void and satisfied judgments. *See, e.g., Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("A judgment is void under 60(b)(4) 'if the court that rendered it lacked

No matter which subsection of Rule 60(b) is relied upon, however, relief under the Rule "is circumscribed by public policy favoring finality of judgments and termination of litigation. Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch.*, Inc., 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

### III.    Analysis

Here, Plaintiff's arguments in support of both motions do not satisfy the standards under which a Rule 59(e) or Rule 60(b) motion may be granted.

Turning first to his motion under Rule 59(e), Plaintiff does not suggest that newly discovered evidence exists, nor does he claim there has been "an intervening change in controlling law." *See Intera Corp.*, 428 F.3d at 620. Plaintiff's motion is predicated on what he argues is a clear error of law that caused a manifest injustice, yet in truth, he mostly rehashes old claims or advances arguments that could have been presented to the court pre-judgment. As indicated above, motions under Rule 59(e) are not to be employed in this manner. Thus, Plaintiff's arguments regarding the dismissal of Defendants Russell and Wallace on initial screening (*see* ECF No. 7) and the Court's refusal to later re-join those defendants (*see* ECF Nos. 158, 171), would have been better suited for an appeal—though the Court does not suggest an appeal would be successful.

Similarly, Plaintiff does not identify any clear error of law that would require the Court to reach a different result regarding the dismissal of his First Amendment

jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law'" (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992))).

Retaliation and Free Exercise claims. Case law suggests that the 10-day period in which Plaintiff was denied his Kosher meals does not rise to the level of a Constitutional violation. *See, e.g., Jackson v. Risner*, No. 15-6317, 2017 WL 5712672 (6th Cir. May 15, 2017); *Horacek v. Martin*, No. 2:15-CV-102, 2022 WL 18587785, at *7 (W.D. Mich. Aug. 9, 2022), *report and recommendation adopted*, 2023 WL 333977 (W.D. Mich. Jan. 20, 2023); *Greenberg v. Hill*, No. CIV.A. 2:07-CV-1076, 2009 WL 890521 (S.D. Ohio Mar. 31, 2009); *Bennett v. Burt*, No. 1:16-CV-1203, 2016 WL 7034240, at *7 (W.D. Mich. Dec. 2, 2016). To be clear, however, the Court did not dismiss Plaintiff's claims, as Plaintiff contends, solely due to a *de minimus* injury.  Plaintiff failed to exhaust his claims relating to the second transfer and failed to plausibly allege that Defendants Greason, Jenkins-Grant, and Torres were responsible for Plaintiff's subsequent transfers after Plaintiff left the MDOC facility at which those defendants were employed. (*See* ECF No. 171, PageID.1997.) Plaintiff's Rule 59(e) motion is therefore denied.

Plaintiff's motion brought pursuant to Rule 60(b) fares no better. Plaintiff seeks relief from judgment and from this Court's order dismissing the claims against Defendants Luzius, Wallace, and Russell based upon a failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted. (ECF No. 129.) This Court entered its order on March 20, 2023, accepting and adopting the Magistrate Judge's February 15, 2023 Report and Recommendation over Plaintiff's objections. (*See* ECF Nos. 114, 120.)

As the basis for his motion, Plaintiff asserts the following arguments: (1) that his reduced access to the prison law library was prejudicial because he was prohibited from filing a meaningful response to Defendants' motions to dismiss and for summary

judgment; (2) that the Court's finding regarding exhaustion as to Plaintiff's claims against Defendant Luzius was erroneous; and (3) that the Court erred by not "fairly and fully addressing" Plaintiff's claims of fraud by Defendants Wallace and Russell and their attorney.

Plaintiff cites Rules 60(b)(1) and 60(b)(3) as the bases for relief, specifically "mistake," "excusable neglect," and "fraud . . . by an opposing party," but he has failed to demonstrate any mistake, neglect, or fraud on the court beyond speculation. Rather, Plaintiff treats this motion as an attempt to repeat arguments for the second, third, or even fourth time.[4] (*See* ECF No. 155, PageID.1812, wherein Plaintiff states he "extensively argued these facts in objections to the [report and recommendation].") Like Rule 59(e), however, Rule 60(b) does not provide "a second bite at the apple." *Michigan Dep't of Env't Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017).

As a threshold matter, Plaintiff does not provide any analysis under Rule 60. He has not identified any evidence to show mistake or neglect under Rule 60(b)(1) and he fails to argue why he would be entitled to relief under subsections (b)(2) through (b)(6). Even construing Plaintiff's motion liberally, he fails to meet his burden of showing entitlement to relief by clear and convincing evidence. As for Plaintiff's his first argument, he has not shown any amount of additional time would have allowed him to

---

[4] By way of example, Plaintiff's access to the law library during the pendency of this matter is an issue that has already been thoroughly considered by the Magistrate Judge and by this Court on Plaintiff's objection. In her August 31, 2022 report and recommendation, which was later accepted and adopted by this Court, the Magistrate Judge correctly noted that the Court has no authority to enjoin practices at a state correctional facility when there is no named defendant at, or allegation regarding, that facility in the complaint. (*See* ECF No. 81, PageID.1056-1062.) The Magistrate Judge also noted that any harm to Plaintiff could be ameliorated by granting extensions of time in which Plaintiff could respond to the motions. (*Id.*) This is exactly what happened here. Defendants filed their motions on June 1, 2022 and August 15, 2022, respectively. Plaintiff's responses were originally due by July 8, 2022, and September 19, 2022. Those dates were later extended to December 27, 2022 and then to January 23, 2023. The Court finds this period of time sufficient to respond to Defendants' motions under the circumstances.

formulate an argument that would change the result of Defendants' motions. For his second argument, Plaintiff cites *Maben*, but that case does not apply under these circumstances as the Court did not give preclusive effect to a misconduct officer's decision. *See Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018).[5] Finally, as discussed more thoroughly above, Plaintiff has not provided a legal argument or identified a mistake of fact that would alter this Court's decision as to Defendants Wallace and Russell.

The only argument advanced by Plaintiff that could conceivably fall under Rule 60(b) is that Defendants, or perhaps their attorney, committed fraud on this Court by submitting a false document claiming Plaintiff's MRF-19-10-1453-28E grievance was rejected for procedural issues rather than decided on the merits. This argument has been advanced by Plaintiff in the past, to no avail, and continues to be unpersuasive. (*See* ECF No. 114, PageID.1369-1372.) The Sixth Circuit has explained that a party seeking to set aside a dismissal under Rule 60(b)(3) must "show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding in question." *Info–Hold,* 538 F.3d at 455 (citation and formatting omitted). "For the purpose of a Rule 60(b)(3) motion, fraud is defined as 'the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment.'" *Satyam Computer Servs., Ltd. v. Venture Global Engineering, LLC,* 323 F. App'x 421, 429 (6th Cir. 2009) (quoting *Info-Hold*, 538 F.3d at 456.)

---

[5] *Maben* held that the hearing officer's factual findings as to the charged conduct made during a class II or III misconduct hearing do not have preclusive effects. Nothing in *Maben* suggests that this Court cannot rely on the entries of the hearing officer in a misconduct report to conclude that it was the hearing officer, and not Defendant Luzius, who imposed sanctions on Plaintiff.

The pieces of evidence to which Plaintiff refers in support of his fraud claim are the Step III denial, the MDOC report showing the grievances Plaintiff has filed through Step III, and the MDOC Departmental Analyst's affidavit confirming the report is true and accurate. (*See* ECF No. 33-3.) This Court is permitted to decide disputed facts that arise regarding the Prison Litigation Reform Act's exhaustion requirement when those facts are not "intertwined" with the merits of the underlying dispute. *Richards v. Perttu*, No. 22-1298, -- F.4th ----, 2024 WL 1172634, at *5 (6th Cir. Mar. 19, 2024). Here, Plaintiff's claim that Defendants committed fraud to prevent Plaintiff from showing he exhausted his administrative remedies as to Luzius are not "bound up with the merits of the underlying dispute" as to whether Luzius unconstitutionally denied Plaintiff adequate access to the law library. *See id.* Thus, this Court can determine whether evidence submitted by Defendants is authentic or fraudulent, as Plaintiff suggests.

The Court finds Plaintiff fails to meet his burden to show fraud by clear and convincing evidence. Nothing about the documents with which Plaintiff takes issue or the testimony given by the analyst in her affidavit gives this Court any indication that Plaintiff's suspicions of fraud are true. As the Magistrate Judge reasoned in her February 15, 2023 report and recommendation, fraud is only found when the attorney putting forth a fraudulent document can be shown to be one of the perpetrators. (ECF No. 114, PageID.1371 (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993)). Here, there is no indication that defense counsel was involved in such a scheme. The grievance report was created by MDOC and a MDOC departmental analyst swore to its truth and accuracy. Defendants have therefore properly shown by a preponderance of

the evidence that Plaintiff failed to exhaust his claims as to Defendant Luzius. Thus, the

Court finds no need to reopen the case and Plaintiff's Rule 60(b) motion is denied.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motions for Relief from Judgment (ECF No.

155) and to Alter the Judgment (ECF No. 173) are **DENIED**.

**SO ORDERED**.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 21, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2024, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager