UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM LEWIS,

    Plaintiff,

v.

ALAN GREASON, REGINA JENKINS-
GRANT, CHRISTINA RAMSEY,
JEFFREY LUZIUS, MELODY WALLACE,
RICHARD RUSSELL, FNU CAMPBELL,
UNKNOWN MAILROOM PERSONNEL,
and UNKNOWN TRANSFER
COORDINATOR,

    Defendants.
_____/

Case No. 2:21-cv-11939

Hon. Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

**ORDER DENYING MOTION TO AMEND COMPLAINT [177],
STRIKING SECOND AND THIRD AMENDED COMPLAINTS [178, 181],
AND DENYING MOTION TO SUBMIT EVIDENCE [180]**

On August 6, 2021, Plaintiff Tom Lewis initiated this case against several Michigan Department of Corrections officials alleging multiple violations of his Constitutional rights. On March 20, 2023 and January 23, 2024, this Court entered orders granting summary judgment to Defendants. Final judgment was entered on January 25, 2024. In July of 2023 and February of 2024, Plaintiff filed post-judgment motions pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). This Court denied the motions on March 21, 2024.

Now before the Court are Plaintiff's post-judgment motions to amend the complaint (ECF No. 177) and to submit evidence (ECF No. 180.) The Court is without power to grant Plaintiff's motions because Plaintiff's case was dismissed, and his post-judgment motions were denied. *See in re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008); *see*

1

also *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) ("When a party seeks to amend a complaint after an adverse judgment, it . . . must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by [Federal Rules of Civil Procedure] 59 or 60.")

Moreover, even if the Court had authority to accept Plaintiff's latest complaint, it would not be compelled to do so. Plaintiff could have moved to amend the complaint prior to entry of final judgment but he failed to do so and has not provided good cause for his tardiness. "[I]n the post-judgment context, this Court must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation. Thus, the Court must be particularly mindful of . . . the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005) (citations and quotation marks omitted). *See also Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 445 (6th Cir. 2014) ("Rule 15's permissive amendment policy should not permit plaintiffs to 'use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision.'") (quoting *Leisure Caviar, LLC*, 616 F.3d at 616).

Accordingly, Plaintiff's motion to amend the complaint (ECF No. 177) and to submit further evidence (ECF No. 180) are **DENIED** and the Court **STRIKES** his amended complaints filed without leave of court (ECF Nos. 178, 181.)

**SO ORDERED**.

Dated: April 1, 2024

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

2

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 1, 2024, by electronic and/or ordinary mail.

          s/ A. Chubb
          Deputy Clerk